UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL LONGSHOREMEN'S ASSOCIATION WAREHOUSE WORKERS LOCAL 1504-8, BY AND THROUGH ITS PRESIDENT, CALVIN W. WATKINS AND EXECUTIVE VICE PRESIDENT WILLIAM STROTHER AND INDIVIDUAL PLAINTIFFS DAVID L. MCBETH III, LEO WAIRE, JOHN RHOADS, VIRGIL SMITH IV, ROBERT L. ARMSTRONG, CHARLIE J. ALLUMS II, RODNEY PRIESTLY, CALVIN W. WATKINS, AND WILLIAM STROTHER, INDIVIDUALLY, Plaintiff, v. SOUTH ATLANTIC & GULF COAST INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 07-CV-00494 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss (Docket No. 9). Defendant argues that Plaintiffs' First Amended Original Complaint (Docket No. 11) is deficient because Plaintiffs have failed to make their claims in "short and plain" statements in conformity with Rule 8(a) of the Federal Rules of Civil Procedure, and because Plaintiffs have failed to number their paragraphs in conformity with Rule 10(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Defendant's Motion to Dismiss complained of defects in Plaintiffs' Original Complaint (Docket No. 1). Plaintiffs subsequently filed their Amended Original Complaint, and argued in their Response to Defendant's Motion to Dismiss (Docket No. 12) that their Amended Complaint rendered Defendant's motion moot. Defendant renewed its

Although Plaintiffs' amended complaint would benefit from greater brevity, we agree with the Fifth Circuit's reminder in *Atwood v. Humble Oil & Refining Co.* that brevity must sometimes yield to other considerations, including:

> the right and the duty of a litigant to present his demands through counsel of his own choosing and in a style and form of expression which represent the attorney's honest effort to present the claims according to his own notions of their merits and their strong and weak points.

243 F.2d 885, 888 (5th Cir. 1957), *cert. denied*, 355 U.S. 829 (1957). Plaintiffs' amended complaint appears to be an honest effort to present their claims persuasively, and it is short and plain enough for Defendant to respond to the claims without prejudice or undue confusion.

Plaintiffs' amended complaint would also benefit from numbered paragraphs as required by Rule 10(b), but nonconformity with this requirement is excusable when a plaintiff's claims are clearly and separately stated and identified. *See, e.g., Phillips v. Girdich*, 408 F.3d 124, 128 (2nd Cir. 2005); *see generally* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1322 (3d ed. 2004). The form of Plaintiffs' amended complaint does not interfere with Defendant's ability to understand the claims or otherwise prejudice Defendant. Plaintiff's nonconformity with Rule 10(b) is therefore excused.

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 9) is **DENIED**.

**IT IS SO ORDERED.**

---

Motion to Dismiss in its Reply (Docket No. 13), arguing that the Amended Complaint suffers from the same defects as the Original Complaint. However, whereas Defendant's Motion to Dismiss referenced Federal Rules of Civil Procedure Rules 12(b)(6), 12(e), and 12(f), its Reply focuses only on Rules 8(a) and 10(b). Defendant's 12(b)(6), 12(e), and 12(f) arguments, if any, are therefore not before the Court at this time.

SIGNED this 20th day of November, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT